IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cr-511-WKW |
| | ) | [WO] |
| JULIO DELGADO | ) | |
| AKASH KUMAR | ) | |
| WILLIE CHESTER, JR. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Various pretrial motions are pending before the court.   Defendant Julio Delgado filed two motions to dismiss certain charges against him (Docs. 41 & 111), two motions to strike language from the indictments (Docs. 42 & 112), and two motions for a bill of particulars (Docs. 43 & 113).   Defendant Akash Kumar filed his own motion for a bill of particulars (Doc. 128), and Defendant Willie J. Chester, Jr. filed a motion to dismiss certain counts of the Second Superseding Indictment (Doc. 204).   For the reasons stated herein, the Magistrate Judge RECOMMENDS that the motions be DENIED.

## I.   BACKGROUND

On November 30, 2017, a Grand Jury sitting within the Middle District of Alabama returned an indictment naming Delgado and three co-defendants in a conspiracy to distribute controlled substances and to commit healthcare fraud. Doc. 1.   Generally, the defendants are alleged to have worked in various capacities for a medical office known as "Family Practice" that dispensed prescriptions for opioids and other controlled substances illegitimately and for profit.   Delgado had been one of the physicians employed by the medical practice. Doc. 1 at 3.   Following his arraignment, Delgado filed three motions

seeking, respectively, to dismiss the indictment (Doc. 41), to strike certain language from the indictment (Doc. 42), and to require the Government to file a bill of particulars (Doc. 43).

The Government opposed the motions (Doc. 45), and the court ordered Delgado to file a reply in support of his requested relief.   Before he could do so, however, the Grand Jury returned a Superseding Indictment on January 10, 2018. Doc. 58.   This indictment named three additional defendants, including Kumar. Doc. 58 at 1.   Delgado later filed his reply in support of the initial motions, but did not address the procedural impact of the intervening Superseding Indictment on those motions. Doc. 67.   As a result, the court convened the parties for a telephone conference on January 23, 2018, and thereafter ordered Delgado to file any motions addressing the Superseding Indictment no later than January 26. Doc. 91.   Delgado then filed his motions to dismiss the Superseding Indictment (Doc. 111), to strike certain language from the Superseding Indictment (Doc. 112), and to require the Government to file a bill of particulars (Doc. 113), all of which largely restate the arguments made in his previous filings.   Meanwhile, Kumar was arraigned on the charges in the Superseding Indictment, which identified him as a member of the billing department for Family Practice. Doc. 58 at 5.   Kumar later filed his own motion for a bill of particulars. Doc. 128.

Before the court could resolve these motions, however, the Grand Jury again returned charges on February 23, 2018 against these and other defendants.   This time, the Second Superseding Indictment named Chester as an additional defendant, identifying him

as a doctor of osteopathy who had been affiliated with Family Practice. Doc. 146 at 5. In response, Chester filed the pending motion to dismiss the charges against him. Doc. 204. As to the other defendants, the court recognized that the Second Superseding Indictment addressed some of the purported deficiencies of the earlier charging instruments. Accordingly, the parties were ordered to show cause why the motions at issue were not mooted, or alternatively why the motions should not be construed as challenges to the newest charging instrument. Doc. 156. Delgado responded that only one of his arguments for dismissal was resolved and that his motions should be construed as challenges to the Second Superseding Indictment. Doc. 176.

## II.   DISCUSSION

### A.   Procedural Considerations

As discussed above, Delgado filed three motions directed to the original indictment (Docs. 41–43), then three essentially parallel motions directed to the Superseding Indictment (Docs. 111–113). In as much as the later-filed motions seek the same relief but merely relate to the amended charging instrument, Delgado's position is that the second batch of motions should supersede the first batch. Doc. 176 at 5. The court agrees and therefore RECOMMENDS that the earlier-filed motions (Docs. 41–43) be DENIED as MOOT.

However, Delgado's second group of motions preceded the Second Superseding Indictment. Even so, his counsel has represented that the intervening indictment does not materially impact these motions except for mooting one argument contained in the motion

to dismiss, as addressed below.   Accordingly, the court RECOMMENDS that the Motion to Dismiss Superseding Indictment on Multiple Grounds (Doc. 111) and the Motion to Strike Certain Language from the Superseding Indictment (Doc. 113) be CONSTRUED as challenges to the Second Superseding Indictment rather than the Superseding Indictment. The remaining motion for a bill of particulars (Doc. 112) is not explicitly tied to any charging instrument.

## B.      Motions to Dismiss

### 1.      *Drug Conspiracy Count*

In Delgado's pending motion to dismiss (Doc. 111), he alleges a number of pleading deficiencies ostensibly justifying the dismissal of the charges against him.   The first is the indictment's failure to include an explicit allegation of willful conduct in the overarching charge for conspiracy to distribute controlled substances. Doc. 111 at 2.   Delgado concedes that the Second Superseding Indictment cures this defect. Doc. 176 at 7. Accordingly, the court RECOMMENDS that his motion to dismiss on this basis be DENIED as moot.

### 2.      *Substantive Drug Counts*

Delgado's second dismissal argument is that the substantive drug distribution counts fail to allege the proper *mens rea*—again, willfulness.   He claims that this failure mandates the dismissal of Counts 15 through 21 of the Second Superseding Indictment. *Compare* Doc. 111 at 3 (challenging Counts 3, 4, 7, 8, 9 and 13 on this basis), *with* Doc. 176 at 8 (identifying the affected charges in the Second Superseding Indictment).   Chester

makes the same argument with respect to Counts 13, 17, 18, 20 and 21 of the Second Superseding Indictment. Doc. 204 at 1.

The argument advanced by both defendants is a straightforward one.   The charges in question are 21 U.S.C. § 841 drug distribution counts naming Delgado, Chester, or both men as defendants.   In each count, the Second Superseding Indictment charges that the named defendant or defendants were "aided and abetted by others and aiding and abetting others." Doc. 146 at 15–20.   None of the counts use the words "willful" or "willfulness." Instead, they allege that the defendants and their associates acted "knowingly and intentionally." *See* Doc. 146 at 15–20.   While § 841 does not require willfulness, the defendants argue that the accomplice liability statute, 18 U.S.C. § 2, does contain an explicit willfulness requirement and that the indictment's failure to incorporate willfulness language is grounds for dismissal. Docs. 111 at 3 & 204 at 2.

The defendants are correct that a "criminal conviction will not be upheld if the indictment upon which it is based does not set forth the essential elements of the offense." *United States v. Gayle*, 967 F.2d 483, 485 (11th Cir. 1992) (citing *United States v. Italiano*, 837 F.2d 1480, 1482 (11th Cir. 1988)).   This rule guarantees that the indictment both "informs the defendant of the nature and cause of the accusation as required by the Sixth Amendment of the Constitution" and "fulfills the Fifth Amendment's indictment requirement, ensuring that a grand jury only return an indictment when it finds probable cause to support all the necessary elements of the crime." *Id.*

However, under Federal Rule of Criminal Procedure 7(c)(1), an indictment "must

be a plain, concise, and definite written statement of the essential facts constituting the offense charged."   Consistent with this rule, "an indictment need contain only those facts and elements of the alleged offense necessary to sufficiently inform the accused of the charge and to safeguard the accused from double jeopardy." *United States v. Gold*, 743 F.2d 800, 812 (11th Cir. 1984) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). The Second Superseding Indictment's substantive drug counts check each of these boxes. The counts are plain statements incorporating the essential elements of the offenses such that the defendants are on notice of the conduct charged.   Each count also explicitly invokes both 21 U.S.C. § 841 and 18 U.S.C. § 2, albeit without restating the full language of either statute.   The court finds that, under these circumstances, the omission of the word "willfully" is not a basis for dismissing the charges.

There are three reasons for this finding.   First, the indictment gives the defendants adequate notice of the charges against them.   While "an indictment must contain every element of the offense charged . . . [t]he law does not compel that the indictment track the statutory language." *United States v. Stefan*, 784 F.2d 1093, 1101 (11th Cir. 1986) (citations omitted).   Any court analyzing the sufficiency of a charge must "give the indictment a common sense construction, and its validity is to be determined 'by practical, not technical, considerations.'" *Id.* (citing *United States v. Morano*, 697 F.2d 923, 927 (11th Cir. 1983); *United States v. Varkonyi*, 645 F.2d 453, 456 (5th Cir. 1981)).   Here, a plain reading of the substantive drug counts puts the defendants on notice of the nature of the charges against them—the distribution of specified controlled substances for no

legitimate medical purpose on specified dates. *See, e.g.*, Doc. 146 at 17.   Whether the

counts describe the defendants as acting "knowingly and intentionally" or "willfully" is

irrelevant when the question is "not whether the indictment might have been drafted with

more clarity, but whether it conforms to minimal constitutional standards." *Varkonyi*, 645

F.2d at 456 (citing *United States v. Haas*, 583 F.2d 216, 219 (5th Cir. 1978); *United States

v. London*, 550 F.2d 206, 211 (5th Cir. 1977)).   Undeniably, the Second Superseding

Indictment passes constitutional muster. [1]   Any other finding would permit federal

pleading practice to devolve into a "ritual of words." *Id.*

Second, the defendants have not convinced the court of the core premise of their

argument—that willfulness is an essential element of the crimes charged.   The plain

language of 18 U.S.C. § 2 describes two alternative forms of accomplice liability.   The

full text is as follows:

> (a) Whoever commits an offense against the United States or aids, abets,
> counsels, commands, induces or procures its commission, is punishable as a
> principal.
> (b) Whoever willfully causes an act to be done which if directly performed
> by him or another would be an offense against the United States, is
> punishable as a principal.

18 U.S.C. § 2.   Thus, under subsection (a), an accomplice is punished as a principal if he

---

[1] Moreover, even assuming the Second Superseding Indictment had omitted an essential element of willfulness, "when the indictment specifically refers to the statute on which the charge was based, the statutory language may be used to determine whether the defendant received adequate notice." *United States v. Chilcote*, 724 F.2d 1498, 1505 (11th Cir. 1984) (citing *Varkonyi*, 645 F.2d at 456; and *United States v. Trollinger*, 415 F.2d 27, 528 (5th Cir. 1969)).   In this way, "[a]ny slight variation between the language of the indictment and the statute itself is cured by the indictment's reference to the statute." *Id*. Here, as discussed above, the charges identify both the controlled substance distribution statute and the accomplice liability statute.   These references, under *Chilcote*, remedy any slight variance in the charging and statutory language.

or she aids or abets the commission of a crime.  In addition, under subsection (b), an accomplice is punished as a principal if he or she willfully causes a crime to be done by another person.   Only one alternative explicitly criminalizes "aiding and abetting" criminal conduct and only one alternative explicitly requires a willful state of mind.   For this reason, the indictment's incorporation of aiding and abetting language plainly invokes the first subsection.   It follows, then, that willfulness is not a required element of proof and that it need not have been incorporated into the indictment. *See, e.g., United States v. Krogstad*, 576 F.2d 22, 29 (3d Cir. 1978) (distinguishing between §§ 2(a) and 2(b) and holding that "'[w]illfulness' need not be expressly stated in the indictment charging a violation of 18 U.S.C. § 2").   The defendants offer no authority to the contrary.

Third, even if willfulness is an essential element of the offenses, willfulness and intentionality are not so dissimilar that invoking only one of the two necessarily invalidates an indictment.   The Eleventh Circuit decided a closely analogous question in *Stefan*. There, the defendant sought the reversal of his conviction under 18 U.S.C. § 1001 where the indictment charged that he "knowingly made a false, fictitious and fraudulent statement . . . in violation of Title 18 U.S.C. § 1001." *Stefan*, 784 F.2d at 1101.   The court noted that § 1001 "punishes anyone within the jurisdiction of any United States agency who 'knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or any device, a material fact, or makes any false, fictitious, or fraudulent statements or representations.'" *Id.* (quoting 18 U.S.C. § 1001).   Therefore, "willfulness" was found to be an essential element of the offense. *Id.* (citing *United States v. Mekjian*, 505 F.2d 1320

(5th Cir. 1975)).   But the *Stefan* court concluded that its omission from the indictment was not a basis for overturning a conviction for two reasons.   First, the count specifically referred to 18 U.S.C. § 1001, so the defendant "cannot claim that he did not receive adequate notice of the charges against him." *Id.* at 1102.   Second, "the analytical distinction between the *mens rea* requirement in 18 U.S.C. § 1001 is so slight in this instance" that the indictment would have put the defendant on notice of the charges even if it did not specifically refer to § 1001. *Id.*

Such is the case here.   As noted above, the indictment explicitly refers to the underlying statutes.   And, mindful that practical considerations govern this analysis, the defendants have not supplied any basis in law or in fact for the court to conclude that an allegation of intentional criminal conduct does not put them on notice that they may be held responsible for willful criminal conduct.   Under *Stefan*, such a slight variation as that between willful and intentional—and the defendants have not articulated how the two concepts differ—does not merit the dismissal of the substantive drug counts charged against them.   Contrary to Delgado's position, nothing in *Rosemond v. United States*, 134 S. Ct. 1240 (2014)—a Supreme Court opinion addressing jury instructions, not charging documents—is inconsistent with this finding. *See, e.g.*, *id.* at 1249 (observing that the *mens rea* for aiding and abetting liability can be summarized as requiring that the defendant "actively participates in a criminal scheme knowing its extent and character").

In fact, the defendants' only attempt to put daylight between willfulness and intentionality is their reliance on an Eleventh Circuit Pattern Jury Instruction that, in

actuality, underscores the interchangeability of the two concepts.   The summation of the pattern instruction relating to agency liability is as follows: "In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator." Eleventh Circuit Pattern Jury Instructions (Criminal Cases) S7 (2016). However, elsewhere the instruction states: "A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person.   A Defendant is *also* responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate." *Id.* (emphasis added).   These two statements track the statutory language of 18 U.S.C. § 2 and, by virtue of the word "also," are presented as alternatives, as in § 2.   In light of this plain pronouncement of the two alternatives for accomplice liability—which are consistent with the underlying statute—there is little doubt that the primary purpose of the summation is to contrast the type of conduct that creates accomplice liability from the conduct that does not.   In short, the summation is better interpreted as an indication that aiding and abetting and willful assistance are materially similar.   The defendants' alternative construction would require the court to interpret the summation as a direct contradiction of the unequivocal statement—positioned only three sentences before—that "aiding and abetting" is a source of accomplice liability. Neither the text of the instruction nor the language of § 2 compels this result. Accordingly, the court RECOMMENDS that the motions to dismiss the substantive drug counts be DENIED.

### 3.   *Vagueness*

Finally, Delgado seeks the dismissal of the charges in the Second Superseding Indictment on the additional basis that they are unconstitutionally vague.   Specifically, Delgado claims that under 21 U.S.C. §§ 841 and 846 he "cannot be held criminally responsible for merely examining a patient, and truthfully and accurately recording his examination, but drawing the line at prescribing pain medication." Doc. 111 at 8.   None of these facts are alleged in the indictment.   "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (citing *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992)).   In raising this argument in a motion to dismiss, Delgado is putting the cart before the horse.   At this preliminary stage, the court cannot consider evidence that may or may not be introduced at trial.   As a result, Delgado's vagueness argument is not an appropriate basis for dismissing of the charges against him.   With nothing more to support the defendants' motions to dismiss, the court RECOMMENDS that the motions be DENIED.

## C.   Motion to Strike

Delgado also has filed a motion to strike certain language from the indictment as surplusage under Federal Rule of Criminal Procedure 7(d).   Specifically, Delgado moves for the court to strike (1) a description of the Family Practice ownership structure, (2) the representation that Family Practice was a "lucrative business venture," (3) Family Practice's gross receipts in 2014–2016, and (4) the characterization of Family Practice as a

11

"pill mill" throughout the indictment. Doc. 113 at 1–2.

"It is important to note that Rule 7(d) is strictly construed against striking surplusage." *United States v. Williams*, 2008 WL 4867748, at *3 (S.D. Fla. Nov. 10, 2008). As a result, Delgado's motion must be denied "'unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.'" *United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992) (quoting *United States v. Huppert*, 917 F.2d 507, 511 (11th Cir. 1990)).   Consistent with this "most exacting standard," "it is proper to reserve ruling on a motion to strike surplusage until the trial court has heard evidence that will establish the relevance of the allegedly surplus language." *Id.* (citing *United States v. Fahey*, 769 F.2d 829, 842 (1st Cir. 1985)).

Delgado's motion focuses on the prejudicial nature of the statements he wants stricken.   But "[a]ll admissible evidence is prejudicial.   The real question is whether the use of the words [in question is] unfairly prejudicial in the particular indictment . . . ." *Williams*, 2008 WL 4867748, at *4.   In this instance, there is no unfair prejudice inherent in the indictment's discussion of Family Practice's ownership structure and profitability because Delgado has not carried his burden under *Awan*'s two-pronged analysis of proving irrelevance.   Certainly, as in virtually every criminal prosecution, one component of the Government's case in chief is likely to be the motive for the criminal conduct described in the indictment. *Cf.* Fed. R. Evid. 404(b) (allowing other-acts evidence when offered to prove motive).   Here, the Government plainly intends to present evidence that the co-conspirators were motivated by the financial rewards they received, and Family

Practice's ownership and profitability are relevant and material to the defendants' profit motive.  For that reason, these allegations should not be stricken as surplusage. *E.g.*, *Williams*, 2008 WL 4867748, at \*4 (refusing to strike the word "corrupt" from an indictment because "[s]uch language, if legally relevant, cannot be considered surplusage no matter how prejudicial it may be"); *United States v. Hanna*, 198 F. Supp. 2d 236, 245 (E.D.N.Y. 2002) (refusing to strike profitability language because of its relevance to the defendants' motive).

Delgado's request to strike the phrase "pill mill" fails for a different reason.  The indictment defines a "pill mill" as "a medical clinic operated to dispense controlled substances inappropriately, unlawfully, and for non-medical reasons." Doc. 146 at 6. Neither party has offered any argument or evidence relating to the common usage of this term or whether it carries unfairly derogative connotations.  In fact, Delgado's claim of prejudice is entirely conclusory. Docs. 113 at 2 ("The phrase is inflammatory, irrelevant and prejudicial and should be stricken.") & 135 at 8 ("The use of the term 'pill mill' is inflammatory and unfairly prejudicial and is clearly intended to inflame the jurors."). This *ipse dixit* argument is insufficient to carry Delgado's burden under *Awan*.  On this record, the court RECOMMENDS that the motion be DENIED.

Moreover, even if Delgado had made some showing of prejudice, the Government offers, by way of relevance under the *Awan* test, that the use of this colloquial phrase will assist the jury in its understanding of the alleged conduct. Doc. 121 at 17.   The Government has not explained precisely how or why this is the case, but then again it is

13

Delgado's burden to show irrelevance, not the Government's obligation to prove the opposite.   At any rate, this would be an inquiry best resolved by the trial court after having received the parties' evidence at trial, *see Awan*, 966 F.2d at 1426, further justifying the denial of Delgado's pending motion to strike.

**D.      Motions for a Bill of Particulars**

Both Delgado and Kumar have filed motions seeking a bill of particulars.   Federal Rule of Criminal Procedure 7(f) authorizes the court to compel the Government to file a bill of particulars in order to "inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985) (citations omitted). But it does not allow the parties to use a bill of particulars as a vehicle for "generalized discovery" or a means to accomplish an end-run around federal discovery rules. *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986).   "Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986), *modified*, 801 F.2d 378 (11th Cir. 1986) (citing *United States v. Colson*, 662 F.2d 1389 at 1391 (11th Cir. 1981)).

### *1.      Delgado's Motion*

The Second Superseding Indictment, in each substantive drug count, charges that Delgado distributed certain controlled substances to identifiable patients within specified

ranges of time. *See, e.g.*, Doc. 146 at 7–8 (alleging that Delgado and co-defendant Lillian Akwuba aided and abetted each other and their co-conspirator G.S. in prescribing hydrocodone and alprazolam to a patient identified, for privacy purposes, as "T.F.," from on or about May 23, 2013 through June 2, 2016).   Even so, Delgado argues that the Government should be required to supply the dates on which he is alleged to have seen each patient. Doc. 112.

The Government has represented, however, that this information has been provided to Delgado through discovery materials in the form of medical records and expert reports. Doc. 121 at 19.   Delgado does not dispute this, but complains that he has received a "timeline" synthesizing the medical records for only some of the patients. Doc. 112 at 1. This discrepancy is explained by the Government's assignment of medical files to two expert witnesses, only one of whom prepared a timeline summarizing the medical files he reviewed. *See* Doc. 121 at n.6.   At its core, then, Delgado's position is that the Government ought to be forced to file a bill of particulars so that he will not have to sift through voluminous medical records to determine when he saw the patients whose files were reviewed by the expert who chose not to show his work by preparing detailed timelines.   While Delgado's task may be somewhat onerous, its avoidance is not a proper purpose for a bill of particulars when all of the information is available to him through the discovery materials in his possession. *See Rosenthal*, 793 F.2d at 1227.   The court RECOMMENDS that Delgado's motion be DENIED on this basis.

### 2.    *Kumar's Motion*

Unlike Delgado, Kumar did not provide medical care to the patients at Family Practice.   Instead, Kumar is charged with improperly preparing and submitting bills to public and private benefit programs. Doc. 146 at 5.   Specifically, the only count naming Kumar (Count 53 for healthcare fraud) alleges that, from an unknown date until November 2017, he and others executed a fraudulent scheme whereby services performed by certified registered nurse practitioners would be billed as if they were performed by physicians, resulting in a financial windfall to Family Practice. Doc. 146 at 29–30.   Kumar requests a bill of particulars identifying (1) the dates on which he is alleged to have prepared and submitted fraudulent bills, (2) the manner in which he improperly coded these bills, (3) the evidence supporting the contention that he coded these bills, and (4) the evidence supporting the contention that he knowingly entered false information on the bills. Doc. 128 at 1–2.

Substantively, Kumar's request parallels Delgado's.   The Government has again represented that the defendant, through the discovery process, has ample information in his possession to answer any questions about the allegations or the timing of his alleged criminal conduct. Doc. 140 at 4.   Kumar's preparation for trial may require the cross-referencing of billing and medical records, but again this effort alone does not justify a bill of particulars. *See Rosenthal*, 793 F.2d at 1227.   This is particularly the case here, where the Government has offered to assist Kumar's counsel in identifying the relevant portions of the discovery materials. *See* Doc. 140 at 4.   Kumar would be wise to take the

Government up on this offer, if he has not done so already, because the court cannot grant his request for a bill of particulars on the instant showing. *See, e.g.*, *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980) ("[A bill of particulars] is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial."). The court RECOMMENDS that Kumar's motion be DENIED.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant Julio Delgado's first motion to dismiss (Doc. 41), first motion to strike (Doc. 42), and first motion for a bill of particulars (Doc. 43) be DENIED as moot;

2. Defendant Julio Delgado's second motion to dismiss (Doc. 111) and second motion to strike (Doc. 113) be CONSTRUED as challenges to the Second Superseding Indictment;

3. Defendant Julio Delgado's second motion to dismiss (Doc. 111), second motion for a bill of particulars (Doc. 112), and second motion to strike (Doc. 113) be DENIED;

4. Defendant Akash Kumar's motion for a bill of particulars (Doc. 128) be DENIED; and

5. Defendant Willie J. Chester, Jr.'s motion to dismiss (Doc. 204) be DENIED.

It is further ORDERED that the parties are DIRECTED to file any objections to this Recommendation on or before **May 4, 2018.** Any objections filed must identify the specific findings in the Magistrate Judge's recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the district court. The parties are advised that this recommendation is not a final order of the court, and therefore it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 20th day of April, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE